ANTONIO VIERA *vs.* ALICE M. LEVESQUE.
ANTONIO VIERA *vs.* RALPH T. LEVESQUE.
MARY VIERA *vs.* RALPH T. LEVESQUE.
MARY VIERA *vs.* ALICE M. LEVESQUE.

APRIL 23, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. These are four actions of trespass on the case for negligence brought to recover damages for personal injuries sustained by the plaintiff Mary Viera and by her husband for consequential damages. The cases were consolidated for trial before a superior court justice, sitting with a jury, and resulted in verdicts for the defendants in all cases. They are before us on the plaintiffs' bills of exceptions to certain portions of the charge as given by the trial

justice, to certain refusals to charge as requested, and to the denial of their motions for new trials.

It appears from the record that plaintiffs Mary and Antonio Viera are the mother and father of defendant Alice M. Levesque. At or about noon on March 27, 1960, Alice, operating a 1952 two-door Oldsmobile equipped with hydramatic transmission and owned by her husband defendant Ralph, drove to the home of her parents on High street in Central Falls. It was her purpose to drive them to the home of another daughter where it was planned to celebrate plaintiffs' golden wedding anniversary. While plaintiff Mary Viera was the only person in the car, it suddenly shot backwards in a wide arc, as a result of which she sustained serious injuries.

Alice testified that she drove the car a short distance beyond her parents' home and backed the car into a parking position in front of the house; that she left the engine running when she entered the house, but could not remember whether she had set the emergency brake or whether she had left the gear shift in a neutral or reverse position; that her parents' home is located on the east side of High street; that she parked the car on the same side of the street; that she opened the door for her mother, telling her to move to the center making room for Antonio; and that she then walked around the back of the car to the driver's side.

She further testified that while going around the car she could not observe her mother and did not know whether the latter had touched any part of the car's mechanism. It does appear from the record, however, that on the day of the accident she informed the police that she believed her mother must have stepped on the gas pedal. On examination she admitted that she had not known whether such was the case but offered it to the police as the best explanation of what happened. She acknowledged that she knew of her mother's lack of familiarity with automobiles and had not advised her that the motor was running. She stated

that she had just arrived at the door of the driver's side and touched the door handle when the car shot backwards in a wide arc, apparently colliding with a car parked on the opposite side of the street.

The record discloses that the shift lever was positioned below the steering wheel on the right of the steering column. The lever moved from a position of neutral at the extreme left to reverse at the extreme right. It also appears that there was a housing or "hump" in the center on the front floor board of the car.

The plaintiff Mary Viera, testifying through an interpreter, stated that she was sixty-nine years old; that she was not familiar with the operation of an automobile; that she was familiar with a steering wheel, but did not touch the one in question; that she was not familiar with a gas pedal or a shift lever; that she was in the car two or three minutes before it started to move; and that she moved to the center with the aid of her left hand on the seat. Although no testimony was adduced from any witness as to how such a result could have occurred, it is undisputed that Mary Viera was found on the street with a hand pinned between defendant's car and that of a car parked across the street. Alice testified that it was necessary to remove the parked car in order to release her mother.

It was established through the testimony of several medical witnesses and the introduction of hospital exhibits that Mary Viera sustained severe personal injuries and was hospitalized for over seven weeks.

The plaintiffs made several requests of the trial justice for instructions to the jury relative to defendant Alice's duty to warn Mrs. Viera because of the latter's lack of familiarity with motor vehicles, and also as to Alice's status as operator and what constituted due care by Mary Viera on the issue of contributory negligence. To the denial of such requests plaintiffs duly excepted. They further ex-

cepted to several portions of the charge as given where the same were inconsistent with the instructions requested.

In passing on plaintiffs' motions for a new trial the trial justice reviewed the evidence and then commented, "It is clear from the evidence in this case that the motor vehicle did not start its movement on its own. It is equally clear that the erratic and violent motion of the car was caused by some act of the plaintiff herself." He concluded that the jury was warranted in finding that Mary Viera was guilty of contributory negligence, which negligence was the proximate cause of the accident, and denied plaintiffs' motions. The plaintiffs duly excepted and in the view we take of the cases we deem it necessary to consider these exceptions only.

On the evidence before him, the conclusion of the trial justice that the car could not have become mobilized without the intervention of a human instrumentality and that such instrumentality was plaintiff Mary Viera can only be justified as an inference. There is no evidence whatsoever that Mary Viera did anything which might be said to have placed the car in motion. If it is conceded that such an inference may be properly drawn, there remains the question of whether whatever she did can, on the state of the evidence, be said to constitute negligence. In the light of plaintiff Mary Viera's testimony as to what she was doing at the time the car went in motion, a conclusion that her conduct constituted negligence can only be justified as speculation.

Mary Viera testified that at the moment the car began its backward course she was "going to push over," and that she was using her left hand on the seat to assist her. Neither the defendant Alice nor the plaintiff Antonio, both of whom testified, observed Mary's conduct during the short period of time she was in the car. We are, therefore, of the opinion that the conclusion that the plaintiff Mary Viera was guilty of contributory negligence can be based only

on speculation. From the inference that some act of Mrs. Viera was responsible for setting the automobile in motion, the trial justice was not warranted in drawing the further inference that her act constituted negligence.

In each case the plaintiff's exception to the denial of the motion for a new trial is sustained, and each case is remitted to the superior court for a new trial.

### On Motion to Reargue.

#### MAY 9, 1962.

Per Curiam. After our decision in the above cases was filed, the defendant in each case was granted permission to present a motion for reargument. Pursuant thereto such a motion has been filed setting out therein the particular reasons on which they base their contention that justice requires a reargument of the cases.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Gunning & LaFazia, Raymond A. LaFazia, Bruce M. Selya, V. James Santaniello,* for plaintiffs.

*Higgins & Slattery, Eugene V. Higgins,* for defendants.